## ARNDT vs. ALLARD.

1. PLEA IN ABATEMENT. — It is error to reject a plea in abatement because it is inartificially drawn. The plea should be received and the plaintiff left to his demurrer.
2. JUDGMENT. — It is error to overrule such plea, and thereupon pronounce judgment in the action, as the defendant is entitled to an opportunity to plead over.

ERROR to the District Court for *Brown* County.

The case is stated in the opinion of the court.

*Morgan L. Martin*, for plaintiff in error.

IRVIN, J.    This case came up from the district court of Brown county upon error in the judgment of said court, pronounced at the October term of that court for 1837; and the errors assigned are:

"1st. The court erred in this, that the judgment was rendered for the plaintiff below, when it should have been rendered for the defendant below; because there was no declaration; because there was no replication to the plea in abatement; because the plea in abatement ought to have been sustained; because the court had no right to render judgment on motion without requiring the defendant to plead over." We learn, during the progress of this case here, from the member of this court who presides in the third judicial district, of which the county of Brown is a part, that by a rule of court in force at the date of the rendition of said judgment, as established by the judge who then presided, a statement of the cause of action was substituted for a declaration. Whether that rule was wise or unwise we need not now stop to inquire, but being a rule of practice we must respect it, and thereupon overrule the objection to the want of a declaration.

The next objection is, "because there was no replication to the plea in abatement;" and another, next in succession, "because the plea in abatement ought to have been sustained." In the consideration of these objections we must reverse this order and consider the last first, in

the course of which it becomes necessary to inquire what is meant by the objection when it is said that "the plea in abatement ought to have been sustained." In examining the transcript of the record of proceedings below, it appears that the defendant, by his counsel, asked leave of the court, and offered to file a plea in abatement, which was refused. Upon what ground the court below refused to receive the plea, whether because it was inartificially drawn, or was considered on its merits and overruled, as upon demurrer, we know not; but if for the first, to refuse to receive it was error, since it should have been received and the plaintiff left to his demurrer; if for the last, it was again error for the court to overrule it and pronounce judgment without giving the defendant an opportunity to plead over.

It is therefore considered that the district court erred for the reasons stated, and that the judgment therein given be reversed with costs, and that this cause be and the same is hereby remanded to the said district court, that such further proceedings may be had therein as to law and justice may appertain.